Frederick E. Anderson v. Commissioner.
Anderson v. Commissioner
Docket No. 28986.
United States Tax Court
1951 Tax Ct. Memo LEXIS 95; 10 T.C.M. (CCH) 943; T.C.M. (RIA) 51284; September 25, 1951
*95 Henry F. Matheis, C.P.A., 176 Broadway, New York, N.Y., for the petitioner. Michael Waris, Jr., Esq., for the respondent. MURDOCK Memorandum Findings of Fact and Opinion The Commissioner determined deficiencies in income tax and additions to the tax under Section 293 (b) for fraud as follows: Fraud
Year
Deficiency
Penalty
1944
$15,646.28
$7,823.14
1945
16,531.36
8,265.68
The issues for decision are whether the petitioner received income in each year in excess of that reported and whether a part of the deficiency for each year is due to fraud with intent to evade tax. Findings of Fact The petitioner, a single man, filed individual returns for 1944 and 1945 with the collector of internal revenue for the third district of New York. The petitioner was engaged in business in New York City as a "management consultant" during 1944 and 1945. He had been engaged in a similar business as an employee for about two and one half years prior to the fall of 1943 when he started in business for himself. The business consisted of advising small and intermediate type businesses in regard to organization, cost control, management control and *96 other phases of business administration. The petitioner was capable in this field. He employed several persons during the years 1944 and 1945, including a bookkeeper who had had little prior experience in bookkeeping. He reported for 1944 total income from 16 clients of $147,900, operating expenses of $108,104.10, adjusted gross income of $39,795.90, and net income of $34,613.85. He claimed as an operating expense $3,625 as "rebates and adjustments." That amount included $3,500 which was a loan to stockholders of Cascade Foundry Company, a client. The Commissioner, in determining the deficiency for 1944, made the following adjustments to the income reported: "Unallowable deductions and additional income (a) Unreported income
$20,064.30
(b) New York City sales taxes
119.23
(c) Safe deposit and admission
taxes
473.30
(d) Telephone and telegraph taxes
535.18
(e) Transportation taxes
2,065.32
$23,257.33
(f) Operating carry-back from
1946
2,005.05" He explained that (b) represented non-deductible federal excise taxes and (c), (d) and (e) represented items claimed both as business expenses and also as taxes. The petitioner reported for 1945 total *97 income from 17 clients of $155,350, operating expenses of $119,157.33, adjusted gross income of $36,192.67, and net income of $28,663.74. He attached a statement as follows: "Purchased on June 4, 1945 from Cascade Foundry Company, Erie, Pennsylvania, 1680 shares of it's stock for $13,475.00 subject to a Recapture Agreement dated May 26, 1945 running to Florence B. Hay, Donald D. Hay and Carolyn Hay Gottschalk, all of Erie, Pennsylvania. "Sold on October 19, 1945 these Same 1680 shares of Cascade Foundry Company Stock for $13,475.00. "Stock was delivered, endorsed in blank, to Security-Peoples Trust Company, Erie, Pennsylvania, nominee for Florence B. Hay, Donald D. Hay and Carolyn Hay Gottschalk." The $13,475 mentioned as purchase price paid for the shares consisted of the loan of $3,500 made in 1944 and $9,975 due to the petitioner for services rendered by him to Cascade Foundry Company. He did not report any profit from the disposition of the stock. The Commissioner, in determining the deficiency for 1945, made the following adjustments to income reported: "Unallowable deductions and additional income (a) Unreported income
$19,307.72
(b) New York state income tax
701.03
(c) Telephone, telegraph and
transportation taxes
2,594.06
(d) Safe deposit, admission and
entertainment taxes
942.76
(e) New York City sales taxes
146.84
$23,692.41"
*98 He explained that $899.24, the amount shown on the New York State Income Tax return had been allowed and the additional $701.03 claimed had been disallowed, (c) and (d) were disallowed because claimed both as business expenses and taxes, and (e) represents non-deductible federal excise taxes. The parties filed a joint exhibit showing the increase in the petitioner's net worth during the taxable years, his expenditures, the income reported and "unexplained increase in Net Worth" during 1944 of $20,064.30 and during 1945 of $19,307.72. The latter were the same amounts added to income by the Commissioner in determining the deficiencies. Those amounts did not include any gifts or loans. Revenue agents, in their investigations leading to the determinations, asked the petitioner to explain the $3,500 claimed on the 1944 return as a rebate to Cascade Foundry Company and received from him a letter dated July 19, 1946 containing the following explanation: "With respect to $3,500.00 shown as rebate to Cascade Foundry of Erie, Pennsylvania under date of October 23, 1944 - our voucher #278, National City Bank check #323, dated October 23, 1944, payable to Charles F. Gottschalk, Carolyn H. *99 Gottschalk and Florence B. Hay all of Cascade Foundry. "This amount, $3,500.00, was arrived at as a result of an analysis of work done against work scheduled, and rebate was made on that basis. No stock, bonds or other securities were received as a return or result of this item." The $3,500 was a loan, not a rebate, and stock was received for it in 1945. The petitioner claimed on his returns the double deductions disallowed by the Commissioner in determining the deficiencies. The petitioner failed to show error in any of the adjustments made by the Commissioner in determining the deficiencies. A part of the deficiency for 1944 and a part of the deficiency for 1945 was due to fraud with intent to evade tax. Opinion MURDOCK, Judge: The petitioner did not testify on direct examination as to any of the adjustments made by the Commissioner in determining the deficiencies and the evidence offered on his behalf in no way shows error on the part of the Commissioner in determining the deficiencies. The joint exhibit supports the Commissioner's determination that the petitioer had a large increase in net worth during each year which was not reported as income. The petitioner *100 was given an opportunity on cross examination to explain erroneous portions of his returns and to explain the unexplained increase in his net worth during each year. The answers which he gave were different from those previously given to the revenue agents during their investigation, only referred to portions of the totals, did not explain any increase in net worth, and gave the impression that the petitioner, an intelligent man, was unwilling to give a true explanation because he knew that the truth would prove the fraud alleged. We are unable to give full credence to his testimony. The Commissioner has proven that the petitioner had large unreported gains or income in each year and claimed deductions to which he was not entitled. The only reasonable conclusion to be drawn from the entire record is that the petitioner falsified his returns with intent to evade tax. Decision will be entered for the respondent.